AARON D. FORD
Attorney General
VICTORIA C. COREY (Bar No. 16364)
Senior Deputy Attorney General
State of Nevada
Office of the Attorney General
1 State of Nevada Way, Ste. 100
Las Vegas, Nevada 89119
(702) 486-0849 (phone)
(702) 486-3768 (fax)
Email: vcorey@ag.nv.gov

*Attorneys for Defendants Gladys Calipusan, Yolanda Campbell, Leilani Flores, Nowell Granados, Betty Omandac, Symour Omandac, Rochelle Ross, Jason Satterly, and Kenneth Williams*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CLEON COOPER,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH WILLIAMS, *et al.*,<br><br>Defendants. | Case No. 2:25-cv-02215-GMN-EJY<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY AND DISPOSITIVE DEADLINES [Second Request]** |

Plaintiff, Cleon Cooper, by and through counsel, Lagomarsino Law, and Defendants, Gladys Calipusan, Yolanda Campbell, Leilani Flores, Nowell Granados, Betty Omandac, Symour Omandac, Rochelle Ross, Jason Satterly and Kenneth Williams, by and through counsel, Aaron D. Ford, Nevada Attorney General, and Victoria C. Corey, Senior Deputy Attorney General, of the State of Nevada, Office of the Attorney General, hereby stipulate and agree to extend the time for discovery and dispositive motions. There is good cause and excusable neglect to grant an extension in this case. LR 26-3. This is the parties' second stipulated request to extend deadlines.

///

///

///

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. BACKGROUND AND RELEVANT PROCEDURAL HISTORY

On May 8, 2026, this Court granted the parties first request to extend discovery and dispositive motions in this matter. ECF No. 23. Pursuant to this order, the deadline for initial experts is September 2, 2026, the deadline for rebuttal experts is October 2, 2026, the deadline for discovery is November 2, 2026, and the deadline for dispositive motions is December 2, 2026. *Id*. at 6.

Since the issuance of that order, the parties have diligently participated in the discovery process, including attending numerous depositions of defendants in this matter.

On August 4, 2026, Plaintiff's filed a motion to amend the complaint, which Defendants did not oppose, and was ultimately granted. On September 2, 2026, Plaintiff's disclosed their initial expert in this matter.

For the reasons fully articulated below, good cause and excusable neglect is present to grant the parties an extension of the rebuttal expert disclosures, discovery, and dispositive motion deadlines.

## II. STATEMENT OF GOOD CAUSE AND EXCUSABLE NEGLECT

To demonstrate good cause, the parties must show "that, even in the exercise of due diligence, [the parties were] unable to meet the timetable set forth in the order." *Cruz v. City of Anaheim*, CV1003997MMMJEMX, 2011 WL 13214312, at *2 (C.D. Cal. Dec. 19, 2011) (citing *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Prejudice to the opposing party is a factor in determining good cause, though lack of prejudice is "not a prerequisite." *Id*.

Moreover, pursuant to Local Rule 26-3, any request made after this 21-day period will only be granted if "the movant also demonstrates that the failure to act was the result of excusable neglect." LR 26-3.

"Excusable neglect" is a flexible, equitable concept, but "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect."

*Kyle v. Campbell Soup Co.*, 28 F.3d 928, 931 (9th Cir. 1994) (citing *Pioneer Inv. Servs. v. Brunswick Assocs.*, 507 U.S. 380, 391-92 (1993)).

In determining whether neglect is excusable, the Court must consider the following factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (internal quotations omitted) (citing *Pioneer*, 507 U.S. at 395). The Court should "take into account all the relevant circumstances" when considering these factors. *Cap. One, Nat'l Ass'n v. SFR Inv. Pool 1, LLC*, No. 2:17-cv-00604-RFB-NJK, 2020 WL 6271199 at *4 (D. Nev. Oct. 26, 2020); *see also Pioneer*, 507 U.S. at 395.

Here, both good cause and excusable neglect is present regarding the inability to complete the deadlines as ordered.

The Nevada Office of Attorney General ("OAG") is bound by certain purchasing and contracting requirements when hiring independent contractors such as expert witnesses for litigation. *See generally* NRS 333. Specifically, for any contract for services above $2,000, the OAG (and any State agency) must enter a specific form of contract that is then filed with the Fiscal Analysis Division of the Legislative Counsel Bureau and the Clerk of the State Board of Examiners. NRS 333.700(6). No contract with an independent contractor such as an expert witness is effective—and therefore no expert can begin work—until the contract is approved by the State Board of Examiners. NRS 333.700(7). It often takes a minimum of 30–45 days on average to locate an expert witness, prepare the requisite form of contract, and obtain approval from the Board of Examiners. Only once that process is completed may an expert witness begin work.

Additionally, counsel for Defendants underwent emergency surgery on August 12, 2026, necessitating nearly three weeks of leave for recovery and to address unanticipated complications. As a result of these circumstances, Defendants were unable to finalize a contract with a rebuttal expert within the timeframe previously ordered.

///

This extension will not prejudice either party, as both parties are in agreement on the extension.

## III. PROPOSED SCHEDULE FOR COMPLETING ALL REMAINING DISOVERY AND FILING OF DISPOSITIVE MOTIONS

The Parties propose the following schedule for completion of all remaining discovery and the filing of any dispositive motions:

- The deadline for completion of discovery will be extended to **January 1, 2027**.
- The deadline for disclosures of rebuttal experts will be extended to **December 1, 2026**.
- The deadline to file any dispositive motions will be extended to **February 2, 2027**.
- The deadline to file a Joint Pre-Trial order will be extended until **March 4, 2027**, or, if dispositive motions are filed, until thirty (30) days after the entry of any order on the dispositive motions.

## IV. CONCLUSION

Based on the foregoing, good cause and excusable neglect exists, and the parties respectfully request that this Court extend the deadlines as outlined above.

DATED this 2nd day of October 2026.

AARON D. FORD
Attorney General

*/s/ Victoria C. Corey*
VICTORIA C. COREY (Bar No. 16364)
Deputy Attorney General

*Attorneys for Defendants*

DATED this 2nd day of October 2026.

*/s/ Cristina P. Valentine*
CRISTINA P. VALENTINE

*Attorneys for Plaintiff*

**IT IS SO ORDERED:**

DATED: October 2, 2026

UNITED STATES MAGISTRATE JUDGE